# Exhibit 14

<u>**CONSULTANCY SERVICES AGREEMENT**</u>

<u>**THIS AGREEMENT**</u> is made on 01 February 2015

<u>**BETWEEN:**</u>

(1) **GANYMEDE CAYMAN LTD,** a company incorporated in the Cayman Islands (Company Number 242030) with registered office c/o Genesis Trust & Corporate Services Ltd, 2nd Floor, Midtown Plaza, Elgin Avenue, PO Box 448, Grand Cayman KY1-1106, Cayman Islands ("**Ganymede**"); and

(2) **First Alton Inc**., a company incorporated in the United States of America with registered office 450 Alton Rd # 1603 Miami beach, FL 33139, USA (the "**Consultant**"),

(each a "**Party**" and together the "**Parties**").

<u>**RECITALS**</u>

This Agreement sets out the terms on which Ganymede agrees to engage the Consultant to provide services of an advisory nature to Ganymede as may be agreed between the Parties from time to time.

<u>**AGREED**</u> as follows:

1. <u>**Interpretation**</u>

    In this Agreement:

    "**Commencement Date**" means the date stated at the beginning of this Agreement.

    "**Services**" means such financial consultancy services (or other services) as may be agreed between Ganymede and the Consultant which the Consultant may be asked to provide from time to time.

    "**Termination Date**" means the date of termination of this Agreement.

2. <u>**Scope**</u>

-1-

    2.1    In consideration of Ganymede entering into this Agreement, the Consultant shall supply the Services to Ganymede with effect from the Commencement Date and assist with any other service which may be agreed between Ganymede and the Consultant, for the duration and subject to the terms and conditions of this Agreement.

    2.2    The Consultant shall not be required to spend all of its time in the provision of the Services but shall spend such time as may be necessary in order to provide the Services to a satisfactory standard.

3.    **Performance of Services**

The Consultant shall be deemed to have the requisite experience and ability to perform, and shall perform, the Services in such a manner as may be reasonably expected by Ganymede of an appropriately qualified and competent consultant experienced in carrying out services similar in scale, scope and purpose to the Services.

4    **Liability**

    4.1    The Parties agree that the Consultant's liability to Ganymede for all Services of whatever nature, whether in contract, tort or otherwise, for any loss whatsoever and howsoever caused by or arising from this engagement shall not exceed USD 10,000.

    4.2    Where any loss is suffered by Ganymede for which the Consultant would be liable with any third parties, the extent to which such loss shall be recoverable by Ganymede to the Consultant, as opposed to a third party, shall be limited so as to be in proportion to the Consultant's contribution to the overall fault for such damage or loss, as agreed between the parties, or in the absence of agreement, as finally determined by an English court (ignoring for these purposes the ability of the third party to pay or any limitation of liability that Ganymede may have agreed with such a third party).

5.    **Compliance with Laws, Regulations and Internal Procedures**

    5.1    The Consultant will observe the provisions of all applicable laws and regulations relating to the provision of the Services and any other statutory or regulatory requirements to which the Consultant may be subject from time to time (in all cases as

ELYSIUM-03846979

        amended from time to time), including in particular all statutory and regulatory requirements relating to insider dealing and other forms of market abuse, and all applicable rules, regulations and procedures.

5.2    If the Consultant becomes aware of any conflict between its interests and the interests of Ganymede, it will immediately inform Ganymede.

5.3    The Consultant is not permitted to offer or to give, solicit or accept any form of inducement which will or is likely to conflict with the performance of its duties to Ganymede.

6. **Consultancy Fees**

6.1    In consideration of the successful provision of any Services by the Consultant, Ganymede shall pay the Consultant a consultancy fee (as agreed between the parties from time to time).

6.2    The Consultant shall provide records of the time spent and materials used in providing the Services to Ganymede. The Consultant shall allow Ganymede to inspect such records on reasonable request.

6.3    Ganymede may at any time and without notice to the Consultant set off any liability of Ganymede to the Consultant against any liability of the Consultant to Ganymede, whether either liability is present or future, liquidated or unliquidated, and whether or not either liability arises under this Agreement. If the liabilities to be set-off are expressed in different currencies, Ganymede may convert either liability at a market rate of exchange for the purpose of set off. Any exercise by Ganymede of its rights under this clause shall not limit or affect any other rights or remedies available to it under this Agreement or otherwise.

7. **Confidentiality and Conflicts**

7.1    During the term of this Agreement and at any time after the Termination Date, the Consultant will keep confidential (i) any information provided to it by Ganymede, or by any entity owned or controlled either directly or indirectly by Ganymede, or any of their respective officers, employees, partners, directors, agents or representatives and

ELYSIUM-03846979

(ii) any information which comes into his possession in the course of his provision of the Services, unless such information is already in the public domain, except that, if required to do so by law or by any authority which is legally entitled to require or request such information or pursuant to any policy of insurance, the Consultant may disclose any such information to the person requiring or requesting it, provided it informs Ganymede in advance (unless it is legally prohibited from doing so). Ganymede will supply to the Consultant all information which is or may be relevant for the performance of the Services. On termination of this Agreement, the Consultant shall return all materials passed to it under this Agreement or, at the request of Ganymede, destroy them.

7.2   The Consultant shall sign any relevant further or additional undertaking of confidentiality which Ganymede may reasonably require.

7.3   The Consultant and Ganymede shall keep the contents of this Agreement confidential at all times.

8. **Termination**

8.1   Either Party shall have the right to terminate this Agreement by giving to the other three (3) months' notice in writing at any time.

8.2   Without limitation to their rights under this Agreement or at common law, Ganymede or the Consultant may terminate this Agreement with immediate effect by notice in writing to the other Party on or at any time after:

   8.2.1   a material breach by the other Party of any of the undertakings or obligations of such Party hereunder;

   8.2.2   a Party engages in serious or dishonest misconduct which, by virtue of the association with the other Party, could damage the reputation of such other Party; or

   8.2.3   a Party is declared bankrupt.

ELYSIUM-03846979

9. **Consequences of Termination**

All rights and obligations of the Parties (save for the confidentiality obligations in clause 7.1) shall cease to have effect immediately upon the expiration or termination of this Agreement except that expiration or termination shall not affect the accrued rights and obligations of the Parties as at that date.

10. **Costs**

Except as may be agreed in writing, each Party shall pay its own costs in respect of the negotiation, preparation, execution and implementation of this Agreement and all other documents referred to in it.

11. **General**

   11.1   This Agreement constitutes the entire Agreement between the Parties relating to the subject matter of this Agreement and supersedes all previous such agreements. No representation or statement made prior to the date of the Agreement, except in the case of fraud or negligent misstatement, may be relied upon by the Consultant.

   11.2   No variation of this Agreement shall be valid unless it is in writing and signed by or on behalf of each of the Parties to this Agreement.

   11.3   The failure to exercise or delay in exercising a right or remedy under this Agreement shall not constitute a waiver of the right or remedy or a waiver of any other rights or remedies and no single or partial exercise of any right or remedy under this Agreement shall prevent any further exercise of the right or remedy or the exercise of any other right or remedy.

   11.4   The rights and remedies contained in this Agreement are cumulative and not exclusive of any rights or remedies provided by law.

   11.5   Headings used in this Agreement shall not affect its interpretation.

ELYSIUM-03846979

12. **Assignment and Sub-contracting**

The Consultant shall not assign or transfer or purport to assign or transfer or sub-contract any of his rights or obligations under this Agreement without the prior written consent of Ganymede.

13. **Governing Law**

This Agreement shall be governed by and construed in accordance with English law. The Parties to this Agreement irrevocably submit to the exclusive jurisdiction of the Courts of England and Wales to hear and determine any claim, action, dispute or proceeding arising out of this Agreement.

**IN WITNESS WHEREOF** the Parties have executed this Agreement the date and year first above written.

Signed by                                              Signed by

...............................................        ...............................................
**GANYMEDE CAYMAN LTD**                                **CONSULTANT, First Alton Inc.**

ELYSIUM-03846979